

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

August 4, 2005

Fred Bennett, Esq.
Bennett & Bair, LLP
6301 Ivy Lane
Suite 418
Greenbelt, MD 20770

**FILED**

SEP 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   Ingeborg Hydle Baugh
CR 05-331

Dear Mr. Bennett:

This letter sets forth the full and complete plea offer to your client, Ms. Ingeborg Hydle Baugh. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on September 6, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Ms. Baugh will be charged in a two-count Information with Theft of Government Property, in violation of 18 U.S.C. § 641, and First Degree Theft, in violation of D.C. Code §§ 22-3211, 22-3212(a). Ms. Baugh agrees to waive Indictment and to plead guilty to First Degree Theft. Ms. Baugh will plead not guilty to Theft of Government Property, and, at the time of sentencing, the government will move to dismiss that charge. It is understood that the guilty plea will be based on a factual admission of guilt to the offense to be made before the Court by Ms. Baugh and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Baugh agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Baugh's actions and involvement in the scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Baugh will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Ms. Baugh understands that the maximum sentence that can be imposed is ten years of imprisonment, a fine of $5,000, an assessment of between $100 and $5,000 to the Crime Victims Compensation Fund, D.C. Code § 4-516, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Baugh understands that the sentence to be imposed in this case will be determined by the court. Ms. Baugh understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Baugh further understands that if the Court imposes a sentence that is in any way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Baugh's right to appeal an unlawful or

unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3. **Financial Arrangements:** Ms. Baugh agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor). Ms. Baugh agrees to pay restitution in the amount of $112,297.56, on a schedule to be determined by the Court.

4. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Baugh expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Baugh voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Ms. Baugh understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

5. **Reservation of Allocution:** The government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Baugh's criminal activities. In addition, Ms. Baugh acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

7. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Baugh's release pending sentencing, agrees not to oppose Ms. Baugh's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Baugh continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Baugh in the United States District

Court for the District of Columbia or the Superior Court of the District of Columbia for the theft outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Baugh does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Baugh.

9. **Court is not bound:** Ms. Baugh understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Breach of Agreement:** Ms. Baugh agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Baugh's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Baugh will not have the right to withdraw the guilty plea; (c) Ms. Baugh shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Baugh, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Baugh knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

11. **USAO's Criminal Division Bound:** Ms. Baugh understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Baugh.

12. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless

3

committed to writing and signed by Ms. Baugh, Ms. Baugh's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Baugh may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Baugh and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: HOWARD R. SKLAMBERG
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Fred Bennett, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/6/05

Ingeborg Hydle Baugh
Defendant

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/9/05                                              *Fred Warren Bennett* / RMK
                                                                               Fred Bennett, Esquire
                                                                               Attorney for the Defendant